IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GLEN KAMEJI GOYA, | ) | CIV. NO. 11-00048 SOM/KSC |
| DINA CALUBAQUIB GOYA, | ) | |
| WAYNE FUMIO KOISHIGAWA, | ) | |
| KAREN AYAKO KOISHIGAWA, | ) | ORDER DISMISSING COMPLAINT; |
| | ) | WARNING TO PLAINTIFFS' |
| Plaintiffs, | ) | COUNSEL |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| JOHN AND MARY DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER DISMISSING COMPLAINT

I.   INTRODUCTION AND FACTUAL BACKGROUND.

On April 15, 2011, Plaintiffs Glen Kameji Goya, Dina Calubaquib Goya, Wayne Fumio Koishigawa, and Karen Ayako Koishigawa filed their First Amended Complaint in this matter. Plaintiffs allege that Well Fargo Bank, N.A. ("Wells Fargo"), and Wells Fargo Home Mortgage ("WFHM") violated state and federal statutes in connection with a residential mortgage loan.

Because the Amended Complaint does not state a claim against Defendants, Defendants' motion to dismiss is granted without a hearing pursuant to Local Rule 7.2(d), and the Complaint is dismissed.

II.   BACKGROUND.

On February 4, 2009, Plaintiffs executed a mortgage and note in favor of Wells Fargo for $550,987.  See First Am. Compl.

¶¶ 49-50, ECF No. 11. On January 21, 2011, Plaintiffs filed a pro se Complaint in the instant action that was never served on Defendants. See ECF No. 1. On February 25, 2011, the property was sold by public auction to Wells Fargo and WFHM for $583,504.94. See First Am. Compl. ¶ 67. On April 15, 2011, Plaintiffs filed a First Amended Complaint. Plaintiffs assert the following seven claims in their Amended Complaint: (1) violation of the Unfair and Deceptive Acts and Practices; (2) violations of the Fair Debt Collection Practices Act; (3) breach of fiduciary duty; (4) violations of federal and Hawaii antitrust statutes; (5) unjust enrichment; (6) violations of Hawaii antitrust and antimonopoly acts; and (7) negligent and/or intentional infliction of emotional distress.

The Complaint in this case appears to be largely copied and pasted from the one dismissed in Radford v. Wells Fargo Bank, Civ. No. 10-00767 SOM-KSC, 2011 WL 1833020 (D. Haw. May 13, 2011).[1] Counsel for the plaintiff in that case is Plaintiffs' counsel in the present case. At the motion to dismiss hearing in Radford, counsel admitted that the Complaint was "terrible" and that an Amended Complaint "need[ed] to be radically different."

---

[1] Plaintiffs' counsel appears to have filed nearly the same Complaint in Franco v. Federal National Mortgage Association, Civ. No. 10-00735 DAE-KSC. Another judge from this district rejected that Complaint on the same day that this judge dismissed the Radford complaint. See Franco, 2011 WL 1842970 (D. Haw. May 13, 2011).

2

See id. at *2 n.2.  Yet, counsel has failed to amend the nearly indentical Complaint in the present case.

In addition, the Oppositions for Radford and the present case make similar arguments and concessions.  The written Opposition in Radford acknowledged that most of the claims were "unlikely to prevail as written."  Id.  Similarly, the Opposition in the present case admits that the "causes of action for FDCPA violation and unjust enrichment are unlikely to prevail as written."  Opp'n at 10, ECF No. 25.  With respect to their intentional and negligent infliction of emotional distress claims, Plaintiffs concede that "it may be difficult for the court to discern the precise placement of each necessary element."  Opp'n at 8.  Moreover, while Count IV (Violation of Federal and Hawaii Antitrust Statutes) claims to be asserted against all Defendants, it only makes allegations against and reference to Mortgage Electronic Registration Systems ("MERS"), see First Am. Compl. at 33-35, which has been dismissed from this suit.  See ECF No. 23.

Plaintiffs appear to concede that their Amended Complaint is insufficient.  Throughout the Opposition, Plaintiffs request leave to amend their complaint "to provide the necessary detail," Opp'n at 6, and "to rectify such deficiencies."  Opp'n at 9.

III.   ANALYSIS.

Defendants seek dismissal of the Complaint, arguing that it fails to sufficiently allege a claim therein. To survive this challenge, Plaintiffs' factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

As this court has already noted, Plaintiffs appear to have conceded that their claims for a FDCPA violation (Count II),

unjust enrichment (Count V), and negligent and/or intentional infliction of emotional distress (Count VII) are insufficiently stated. Their claim for violations of federal and Hawaii antitrust statutes (Count IV) only makes allegations as to a Defendant that has been dismissed from the case. Accordingly, this court dismisses these claims. As stated in the reasons below, the court dismisses the remaining claims (Counts I, III, and VI) in their entirety as well.

>A. Count I (Violation of Unfair and Deceptive Acts and Practices).

Count I alleges that all Defendants are liable for unfair and deceptive acts and practices because, among other things, they allegedly made "material representations, omissions or practices that were likely to mislead consumers acting reasonably under the circumstances[.]" First Am. Compl. ¶ 77. Count I is brought under section 480-2(a) of Hawaii Revised Statutes, which states, "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."

Plaintiffs do not state a claim under section 480-2 of the Hawaii Revised Statutes because lenders like Wells Fargo generally owe no duty to a borrower "not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay." McCarty, 2010 WL 4812763, at *6 (quoting Champlaie v. BAC Home Loans Servicing, LP, 706 F. Supp. 2d 1029,

5

1061 (E.D. Cal. 2009)).  See also Sheets v. DHI Mortg. Co., 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan. . . .  The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" (quoting Renteria v. United States, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006) (finding that borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan")).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."  Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. App. 1991). Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money."  Count I fails on that basis.

    B.    Count III (Breach of Fiduciary Duties).

Count III alleges that Defendants "breached [their] fiduciary duties to Plaintiffs by fraudulently inducing Plaintiffs to enter into a mortgage transaction which was contrary to the Plaintiffs' stated intentions."  First Am. Compl. ¶ 90.  Defendants also allegedly breached a fiduciary duty owed

6

to Plaintiffs by "taking positions in the highly leveraged futures or options market[.]" Id. ¶ 92.

These allegations fail to state a claim. In McCarty v. GCP Mgmt., LLC, 2010 WL 4812763 (D. Haw. Nov. 17, 2010), the court held that a borrower-lender relationship is not fiduciary in nature:

> Lenders generally owe no fiduciary duties to their borrowers. See, e.g., Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting Oaks Mgmt. Corp. v. Super. Ct., 51 Cal. Rptr. 3d 561 (Cal. App. 2006)); Ellipso, Inc. v. Mann, 541 F. Supp. 2d 365, 373 (D.D.C. 2008) ("[T]he relationship between a debtor and a creditor is ordinarily a contractual relationship . . . and is not fiduciary in nature.") (citation omitted); Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature.").

2010 WL 4812763, at *5.

Plaintiffs make no allegations suggesting that their relationship to Defendants is anything other than an ordinary, arm's-length, lender-borrower relationship. Simply stating that Defendants "breached their fiduciary duties to Plaintiff" is insufficient to establish the existence of a fiduciary duty. Plaintiffs' allegations in Count III are conclusory and without factual detail. Plaintiffs may have claims based on alleged fraudulent inducement or alleged disregard of Plaintiffs'

7

application, but no viable claim is stated for breach of fiduciary duty.

        C.    Count VI (Violations of Hawaii Antitrust and Antimonopoly Acts).

In Count VI, Plaintiffs assert violations of state antitrust laws. Plaintiffs state generally that "[m]ortgage lending and servicing in Hawaii is an activity in or affecting interstate commerce[.]" First Am. Compl. ¶ 123. They then allege that Defendants violated "the Hawaii Monopolization Act, Hawaii Revised Statutes § 480-9." Id. ¶ 124. Plaintiffs completely fail to make factual allegations suggesting that Defendants made an agreement to diminish competition. Broad assertions of state antitrust law violations do not give Defendants an opportunity to properly defend themselves. Count VI is dismissed.

### WARNING TO PLAINTIFFS' COUNSEL

Plaintiffs' counsel has a significant federal court practice. He is counsel of record in about 14 cases filed with the court in the last year. In these cases, he has ignored court rules, missed deadlines, and used rejected boilerplate Complaints.

In Caraang v. PNC Mortgage, Civ. No. 10-00594 LEK-BMK, 2011 WL 1326959 (D. Haw. Apr. 5, 2011), for example, an amended Complaint was filed in lieu of an opposition after the defendant filed its motion to dismiss. Judge Leslie Kobayashi warned

Plaintiffs' counsel that he could not "file an untimely amended complaint and assume that the Court will construe it as as a form of opposition to the pending motion to dismiss."  See id. at *2. In Duarte v. Bank of America, Civil No. 10-00372 JMS-BMK, 2011 WL 1399127 (D. Haw. Apr. 12, 2011), counsel failed to abide by the court's specific requirement that he contact defense counsel regarding an Amended Complaint.  Instead, he "belatedly and improperly" sought an extension of the Amended Complaint deadline.  Id. at *2 n.3.

In this case, Plaintiffs' counsel missed his Opposition deadline by over a week.  The hearing on the present motion to dismiss was set for July 5, 2011.  The opposition to the motion was due on June 14, 2011.  Plaintiffs did not file their opposition until June 22, 2011, after court staff called twice to inquire about the late opposition.

Local Rule 7.4 requires oppositions to motions set for hearing to be "filed not less than twenty-one (21) days prior to the date of the hearing."  The reason that the opposition deadline is 21 days before the hearing is to allow the moving party time to file a reply.  It also gives the court time to prepare for the hearing.  Because Plaintiffs' opposition was filed late, this court extended Defendants' reply deadline and took the hearing off calendar.  Plaintiffs' counsel's disregard of the local rules governing the filing of oppositions has forced this court and opposing counsel to do extra work.

In addition to his disregard of deadlines and rules, Plaintiffs' counsel has used nearly the same rejected boilerplate Complaint in the instant case. Counsel appears to have violated Rule 11(b)'s mandate that parties present arguments that are warranted by the law and that are nonfrivolous. See Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."). Counsel's conduct has resulted in a waste of judicial resources. The court should not be required to review counsel's facially deficient form complaints for failure to state a claim. This court has already informed counsel that there is no need to wait for a court order dismissing a Complaint before filing an Amended Complaint. See Radford, 2011 WL 1833020, at *2 n.2.

Plaintiffs' counsel is warned that he is risking serious sanctions.

II.     CONCLUSION.

For the foregoing reasons, the court dismisses the Complaint. Plaintiffs are given leave to submit a motion to Magistrate Judge Kevin S.C. Chang that seeks permission to file an Amended Complaint. The proposed Amended Complaint must be attached to the motion. Any such motion shall be filed no later than July 18, 2011. If Plaintiffs fail to timely file a motion seeking leave to file an attached Amended Complaint, judgment will be automatically entered in favor of Defendants.

In their Opposition, Plaintiffs request leave to amend their Complaint to add additional causes of actions.  This court takes no position on this request but strongly cautions Plaintiffs to seriously consider whether they have a viable claim they can assert against specific Defendants.  Counsel is reminded that he must have a good faith basis for bringing specific claims to avoid possible sanctions.  See, e.g., Holgate v. Baldwin, 425 F.3d 671, 676-77 (9th Cir. 2005); Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Goya v. Wells Fargo, et al., Civil No. 11-00048 SOM/KSC; ORDER DISMISSING COMPLAINT; WARNING TO PLAINTIFFS' COUNSEL.